IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIT LARSEN,                          §
                                     §
          Plaintiff,                 §
                                     §
V.                                   §          No. 3:17-cv-973-B-BN
                                     §
U.S. DEPARTMENT OF EDUCATION,        §
                                     §
          Defendant.                 §

**ORDER TO SHOW CAUSE**

This *pro se* action, filed in the Eastern District of California on April 4, 2017, *see* Dkt. No. 1, and transferred to this Court two days later, *see* Dkt. No. 4, has now been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle, *see* Dkt. No. 17.

On July 11, 2017, the Court directed Plaintiff Kit Larsen, who paid the statutory filing fee of $400.00 and is therefore responsible for properly serving Defendant U.S. Department of Education, to serve the Department "in accordance with the Federal Rules of Civil Procedure no later than August 25, 2017" and cautioned Larsen that failure to do so could result in the claims against the Department being "dismissed without further notice." Dkt. No. 13 at 2-3 (emphasis omitted).

On July 31, 2017, Larsen filed an Affidavit of Process Server attesting that the Department was served on July 24, 2017, *see* Dkt. No. 15, and a summons return (certified mail receipts) reflecting, among other things, that the United States Attorney

-1-

General also has been served, *see* Dkt. No. 16.

But, as Judge Boyle's July 11, 2017 order explained to Larsen, "[t]here are three components to serving a United States agency," such as the Department, the first of which is that "the plaintiff must serve a copy of the complaint and summons upon (1) the United States Attorney for the district where the action is brought, or a properly designated employee of the United States Attorney (or via registered or certified mail to the civil-process clerk at the United States Attorney's office)." Dkt. No. 13 at 2 (quoting *Wije v. Tex. Woman's Univ.*, No. 4:14-cv-571-ALM-CAN, 2015 WL 9872534, at *5 (E.D. Tex. Dec. 22, 2015); internal quotation marks omitted); *see* FED. R. CIV. P. 4(*i*)(1)-(2); *see also* FED. R. CIV. P. 4(*l*)(1) (requiring that service be proved by the filing by the server's affidavit); FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old ***and not a party*** may serve a summons and complaint." (emphasis added)).

It is clear from the record in this case that Larsen has not properly served the Department and proven proper service on the Department in the manner set out in the Federal Rules of Civil Procedure by the deadline established by the Court – a deadline already extended past the deadline by which service must be perfected under the Federal Rules of Civil Procedure: "90 days after the complaint is filed," which deadline, here, was July 3, 2017. FED. R. CIV. P. 4(m); *see id.* ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Despite the Court's once extending the service deadline, because Larsen is

proceeding *pro se*, the Court now ORDERS that Larsen file a response to this order no later than **October 2, 2017** to explain why service was not perfected by August 25, 2017 – that is, why he did not obey the Court's July 11, 2017 order.

Larsen's failure to obey that order and failure to perfect service in a timely manner may be excused – and the deadline to serve the complaint may be extended – only upon a sufficient showing of good cause. That is, the written response to this order must explain how Larsen attempted to comply with the Court's previous order by the applicable deadline (or by August 25, 2017).

And Larsen is CAUTIONED that failure to file a sufficient response by **October 2, 2017** will result in a recommendation that this lawsuit be dismissed without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: September 8, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE