IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIT LARSEN, | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:17-cv-973-B-BN |
| U.S. DEPARTMENT OF EDUCATION, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* action, filed in the Eastern District of California on April 4, 2017, *see* Dkt. No. 1, and transferred to this Court two days later, *see* Dkt. No. 4, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Jane J. Boyle, *see* Dkt. No. 17. The undersigned issues these findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m).

**Applicable Background**

On July 11, 2017, the Court directed Plaintiff Kit Larsen, who paid the statutory filing fee of $400.00 and is therefore responsible for properly serving Defendant U.S. Department of Education, to serve the Department "in accordance with the Federal Rules of Civil Procedure no later than August 25, 2017" and cautioned Larsen that

-1-

failure to do so could result in the claims against the Department being "dismissed without further notice." Dkt. No. 13 at 2-3 (emphasis omitted).

On July 31, 2017, Larsen filed an Affidavit of Process Server attesting that the Department was served on July 24, 2017, *see* Dkt. No. 15, and a summons return (certified mail receipts) reflecting, among other things, that the United States Attorney General also has been served, *see* Dkt. No. 16.

But, as Judge Boyle's July 11, 2017 order explained to Larsen, "[t]here are three components to serving a United States agency," such as the Department, the first of which is that "the plaintiff must serve a copy of the complaint and summons upon (1) the United States Attorney for the district where the action is brought, or a properly designated employee of the United States Attorney (or via registered or certified mail to the civil-process clerk at the United States Attorney's office)." Dkt. No. 13 at 2 (quoting *Wije v. Tex. Woman's Univ.*, No. 4:14-cv-571-ALM-CAN, 2015 WL 9872534, at *5 (E.D. Tex. Dec. 22, 2015); internal quotation marks omitted); *see* FED. R. CIV. P. 4(*i*)(1)-(2); *see also* FED. R. CIV. P. 4(*l*)(1) (requiring that service be proved by the filing by the server's affidavit); FED. R. CIV. P. 4(c)(2) ("Any person who is at least 18 years old **and not a party** may serve a summons and complaint." (emphasis added)).

It was clear from the record in this case on September 7, 2017, when this matter was referred to the undersigned, that Larsen had yet to properly serve the Department and prove proper service on the Department in the manner set out in the Federal Rules of Civil Procedure by the deadline established by the Court – a deadline already extended past the deadline by which service must be perfected under the Federal Rules

of Civil Procedure – "90 days after the complaint is filed," which deadline, here, was July 3, 2017. FED. R. CIV. P. 4(m); *see id.* ("If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

On September 8, 2017, despite the Court's once extending the service deadline, because Larsen is proceeding *pro se*, the Court ordered him to file a written response no later than October 2, 2017 to explain why service was not perfected by August 25, 2017 – that is, why he did not obey the Court's July 11, 2017 order. *See* Dkt. No. 18. The Court's September 8, 2017 order further provided:

> Larsen's failure to obey that order and failure to perfect service in a timely manner may be excused – and the deadline to serve the complaint may be extended – only upon a sufficient showing of good cause. That is, the written response to this order must explain how Larsen attempted to comply with the Court's previous order by the applicable deadline (or by August 25, 2017).
> And Larsen is CAUTIONED that failure to file a sufficient response by October 2, 2017 will result in a recommendation that this lawsuit be dismissed without prejudice for failure to prosecute and obey court orders under Federal Rule of Civil Procedure 41(b).

Dkt. No. 18 at 3 (emphasis omitted).

Larsen responded on September 22, 2017, but his response failed to show that the United States Attorney for this district had been served. *See* Dkt. No. 19.

On September 25, 2017, citing Larsen's *pro se* status, and because he had asserted that he attempted proper service prior to the August 25, 2017 deadline, *see id.*, the Court afforded him one last opportunity to perfect service as to the Department

and ordered that "by no later than October 17, 2017, he shall comply with all requirements set out in Federal Rule of Civil Procedure 4(*i*) and file a proper server's affidavit setting out that all requirements in Rule 4(*i*) have been met. Any failure to do so by that date will result in a recommendation that this lawsuit be dismissed without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b)." Dkt. No. 20.

That deadline passed without Larsen proving proper service to the Court. And, on November 15, 2017 – nearly one month after the deadline – Larsen filed additional service-related materials (none of which reflect that he has served the United States Attorney for this district) and requested that the Clerk of Court enter default as to the Department. *See* Dkt. No. 21.

### Legal Standards and Analysis

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012); *see also Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) ("A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m).... [But, a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996); *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988))).

As set out in detail above, the Court has shown considerable leniency as to Larsen's failure to properly serve the Department – extending the service deadline three separate times and instructing Larsen that he was required to serve the United States Attorney for this district in order to properly serve the Department. This leniency and instruction as to the law is typically how this Court handles *pro se* litigants like Larsen – while "judges have no obligation to act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), no authority "forbids a judge from advising a litigant about statutory and procedural requirements related to his case," *Scheanette v. Quarterman*, 309 F. App'x 870, 873 (5th Cir. 2009) (per curiam) (citation omitted). But, at some point, the judicial "hand holding" must end. And, given the record in this case, dismissal without prejudice under Rule 4(m) is appropriate.

**Recommendation**

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 16, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE